IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLES DON FLORES, #999299 | § | |
| VS. | § | CIVIL ACTION NO. 9:11cv205 |
| DEE SMITH, ET AL. | § | |

<u>MEMORANDUM OPINION AND
ORDER OF DISMISSAL</u>

Plaintiff Charles Don Flores, a prisoner confined at the Polunsky Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

<u>Facts of the Case</u>

The original complaint was filed on December 19, 2011. On May 17, 2012, an evidentiary hearing was conducted, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. A *Spears* hearing is "in the nature of a motion for more definite statement." *Id.* at 180-181. Plaintiff testified as to the factual basis of his claims. Regional Grievance Supervisor Laurie Parker, Captain Patrick Dickens and Law Librarian Richard McKee attended the hearing and testified under oath about prison policies and information contained in Plaintiff's prison records.

1

Plaintiff is a death row inmate. His complaint involves the confiscation and destruction of some of his property, which he characterized as legal property. He noted that inmates are required to store their property in a property box that is one foot by one foot by two feet. Excess property is subject to confiscation. Exceptions are made for legal property, and inmates may obtain a legal storage box from the law library. The incident which is the subject of the lawsuit occurred on August 26, 2010. Plaintiff's property that did not fit into his property box was confiscated. After administrative review procedures were completed, the property was destroyed in May 2011.

Plaintiff testified that he had accumulated a number of law books, which helped him with legal matters. Prison officials confiscated the books even though they were legal in nature. Captain Dickens testified that law books are considered personal property, as opposed to legal property. Plaintiff testified that Board Policy 03.81 specifies that legal property may include law books. He just wanted prison officials to abide by the policy. Law Librarian McKee testified that law books belonging to an inmate that are available in the law library are considered to be personal property, as opposed to legal property.

Considerable amount of time was spent on the issue of harm. Plaintiff testified that he has been on death row for thirteen years and had accumulated a lot of material that potentially could be used in challenging his conviction. He characterized his attorneys in his state court proceedings as incompetent. He presently has a petition for a writ of habeas corpus pending in federal court. He stated that he received a federal attorney in 2008, which he characterized as a good attorney. He noted that he feels that he may have a good cause of action based on ineffective assistance of habeas counsel in light of the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). He believes that property confiscated in August 2010 could have provided help to his attorney.

The Court notes that Plaintiff's habeas petition is *Flores v. Quarterman*, No 3:07-CV-0413-M, which is pending in the Northern District of Texas.[1] Bruce Anton of Sorrels, Udashen and Anton was appointed to represent Plaintiff on January 23, 2007. On March 3, 2011, United States Magistrate Judge Jeff Kaplan issued a Report and Recommendation to deny the petition for a writ of habeas corpus. Anton filed objections on behalf of Plaintiff. The Report and Recommendation, along with the objections, are pending before United States District Judge Barbara M. G. Lynn. On March 27, 2012, Judge Lynn issued an order directing the parties to file supplemental briefs addressing *Martinez v. Ryan*. The supplemental briefs are due on or before June 1, 2012.

Discussion and Analysis

Plaintiff presented several claims in the lawsuit. The first concerns the confiscation of his property. A state actor's negligent or intentional deprivation of a prisoner's property does not result in a due process violation if there exists an adequate state post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (unauthorized intentional conduct); *Parratt v. Taylor*, 451 U.S. 527, 535-55 (1981) (negligent conduct); *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). *Hudson* specifically applied to an inmate's claim about the confiscation and destruction of legal property. 468 U.S. at 535. Because Texas has adequate post-deprivation remedies, a prisoner does not have a basis for a § 1983 claim for the confiscation of his property. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).

The Court notes, however, that the *Parratt/Hudson* doctrine does not bar all property claims filed by inmates. In 1990, the Supreme Court summarized the *Parratt/Hudson* doctrine as follows: "a deprivation of a constitutionally protected property interest caused by a state employee's random,

---

[1] The records in the case are available on Public Access to Court Electronic Records ("PACER").

unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate post-deprivation remedy." *Zinermon v. Burch*, 494 U.S. 113, 115 (1990). The confiscation of a prisoner's property under authority of a prison administrative directive is not a random, unauthorized act for purposes of the *Parratt/Hudson* doctrine, thus the existence of an adequate state post-deprivation remedy does not preclude a § 1983 claim for violation of due process. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004). On remand, the district court noted that property was seized in accordance with TDCJ Administrative Directive 3.72. *Allen v. Thomas*, No. H-02-3132, 2005 WL 2076033 at *1 (S.D. Tex. Aug. 26, 2005). The court went own to hold that due process was satisfied in that the plaintiff was afforded ample notice and sufficient opportunity to object to the confiscation of his property. *Id.* at *9. In the present case, Plaintiff was likewise afforded ample notice and sufficient opportunity to object to the confiscation of his property. His grievances were ultimately unsuccessful, but he was accorded his right to due process.

The Court would add that the exception to the *Parratt/Hudson* doctrine does not apply to the extent that Plaintiff argued that the confiscation of his legal property violated Board Policy 03.81. An unauthorized confiscation of his property would remove us from the situation described in *Zinermon*. Also, the Fifth Circuit recently stressed the basic principle that a prison official's failure to follow prison policies, procedures or regulations does not constitute a violation of due process. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citations omitted). The Court added that "constitutional due process is satisfied because the Texas tort of conversion provides [the plaintiff] with an adequate post-deprivation remedy." *Id.* Overall, the Plaintiff's due process claim about the confiscation of his property fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact, thus the claim should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff's primary claim concerns allegations of denial of access to court. Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). Prison officials may not abridge or impair an inmate's right of access to court. *See Ex parte Hull*, 312 U.S. 546, 549 (1941); *Johnson v. Avery*, 393 U.S. 483, 486 (1969). "While the precise contours of a prisoner's right of access to court remain obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

To prevail on a claim that his right of access to court has been violated, a plaintiff must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendant's actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In *Lewis v. Casey*, the Supreme Court stated that an inmate must show more than the inability to file a claim in order to succeed on an access to court claim; instead, he must show that he would have been able to bring a nonfrivolous claim with arguable legal merit -- he must show an actual injury. 518 U.S. at 351-53.

Several factors are relevant to the resolution of this case. First of all, Plaintiff has an attorney. His attorney was appointed to represent him in January 2007, long before the confiscation of his property in August 2010. He has been able to present his claims in federal court through his attorney. It must be further noted that there is no right to hybrid representation. *Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) (citing *Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981)). Plaintiff does not have a right to have *pro se* pleadings addressed or ruled on when he is represented by counsel. *Dean v. Smith County, Texas*, 90 Fed. Appx. 75, 76 (5th Cir. 2004). Plaintiff must rely on the abilities

of his attorney, and he admitted that his current attorney has been doing a good job. He has not been thwarted in his attempts to file legal documents in court.

Another factor for consideration is that Plaintiff has not shown harm. Although Plaintiff's petition is still pending in federal court, Magistrate Judge Kaplan was of the opinion that there was no basis for federal habeas corpus relief.

Plaintiff's focus on harm hinges on the possibility of relief based on *Martinez v. Ryan*. The Supreme Court's decision provided for the possibility of habeas corpus relief based on ineffective assistance of habeas counsel in states where ineffective assistance of counsel claims must be raised only in collateral proceedings:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S.Ct. at 1320. However, a recent decision by the Fifth Circuit casts doubt on whether *Martinez v. Ryan* will provide any assistance to Texas death row inmates:

> Although we need not, and do not, address the impact of *Martinez* on the Texas habeas landscape, we note that Texas does not require a defendant to raise an ineffective assistance of trial counsel claim in state habeas proceedings, see *Lopez v. Texas*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011), and that ineffective assistance of counsel claims (particularly those, like Adams's claim, involving trial counsel's failure to object to jury instructions) are often brought on direct appeal, with mixed success.

*Adams v. Thaler*, \_\_\_\_ F.3d \_\_\_\_, 2012 WL 1415094 at *3 n.4 (5th Cir. April 25, 2012). Even though the footnote was dictum, it provides some basis for a conclusion that *Martinez v. Ryan* will not help Plaintiff or any Texas inmates.

In *Lewis v. Casey*, the Supreme Court held that a civil rights plaintiff bringing a denial of access to court claim must show that he would have been able to bring a nonfrivolous claim with

6

arguable legal merit -- he must show an actual injury. 518 U.S. at 351-53. His factual allegations must raise "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Pickett v. Nunn*, 367 Fed. Appx. 536, 537 (2010); *Breshears v. Brown*, 150 Fed. Appx. 323, 325 (5th Cir. 2005). In the present case, Plaintiff has not shown harm. His allegations regarding harm do not raise above speculation, and the Court does not have any basis for concluding that he has been harmed. His denial of access to court claim fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. The claim should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff also complained about a disciplinary case he received after his property was confiscated. His classification was lowered and he was moved to F-Pod before the disciplinary hearing. When he finally had a disciplinary hearing, he was found guilty and his punishment consisted of 30 days commissary restrictions, 15 days cell restrictions and 90 days of reduction in classification to level D-II.

The Supreme Court has historically held that the due process clause is applicable to disciplinary proceedings where a prisoner is threatened with a loss of good time or the imposition of solitary confinement. *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Court held that inmates must be afforded written notice of the claimed violation at least twenty-hours before a disciplinary hearing, a written statement of the fact finders as to the evidence relied on and reasons, and the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals.

The Supreme Court subsequently placed severe limitations on challenges to disciplinary cases in *Sandin v. Conner*, 515 U.S. 472 (1995). The Court concluded that the federal judiciary had gone too far in extending due process rights as first articulated in *Wolff v. McDonnell*. The Court retreated

7

from its earlier conclusion that due process rights must be accorded to inmates before placing them in solitary confinement. *Id.* at 485. The Court referred to its discussion in *Wolff* regarding solitary confinement as "dicta." *Id.* The Supreme Court went on to hold that "Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 486. The Court concluded that Conner did not have a "protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*. The regime to which he was subjected as a result of the misconduct hearing was within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life." *Id.* at 487. Absent atypical punishment, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action.

The Fifth Circuit has applied *Sandin* to a number of situations. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good time is not enough to trigger the protection of the Constitution. *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995). The loss of the opportunity to earn good time will not trigger the protection of the Constitution even when an inmate is eligible for mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000). The imposition of commissary and cell restrictions likewise will not trigger the protection of the Constitution. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The loss of good time will not support relief to the extent that it adversely affects parole eligibility. *Sandin*, 515 U.S. at 487. However, the loss of good time will trigger the protection of the Constitution if, and only if, a prisoner is eligible for release on mandatory supervision. *Madison v. Parker*, 104 F.3d at 769.

In the present case, Plaintiff's punishment consisted of nothing more than a reduction in classification, housing in F-Pod, commissary restrictions and cell restrictions. The punishment he

received did not involve a protected liberty interest. His complaint about the disciplinary case fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. The claim should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff also complained that his grievances were denied. Congress requires inmates to exhaust their "administrative remedies as are available . . ." 42 U.S.C. § 1997e(a). A prison system is not required to establish grievance procedures, and inmates do not have a basis for a lawsuit because their grievances were unsuccessful:

> [Plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Plaintiff's complaint about the failure of prison officials to grant him relief in grievance procedures fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. The claim should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Finally, Plaintiff's request for relief included the immediate return of his legal materials. He thought his legal materials were still being stored at the time he filed the lawsuit. He learned after he filed the lawsuit that his legal materials had been destroyed. Indeed, it was established during the *Spears* hearing that his legal materials were destroyed in May 2011, which was months before he filed the lawsuit in December 2011. If not raised by the parties, the Court is obligated to raise the issue of mootness *sua sponte*. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the

outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990). The request for the return of the legal materials is moot since they were destroyed.

It is noted that this opinion was originally issued as the Second Report and Recommendation (docket entry #20). Since the issuance of the Second Report and Recommendation, the parties consented pursuant to 28 U.S.C. § 636(c). No objections have been received to the Second Report and Recommendation, thus it is reissued without changes as the present Order o Dismissal. It is therefore

**ORDERED** that the civil rights complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

So **ORDERED** and **SIGNED** this **30** day of **May, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE